**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **GWELNDOLYN COSTON,** <br>                          **Plaintiff** <br><br> V. <br><br> **SUTHERLAND GLOBAL SERVICES, INC.** <br>                          **Defendant** | **CIVIL ACTION NO. 2:23-CV-539** <br><br> **JUDGE ARENDA W. ALLEN** <br><br> **MAGISTRATE JUDGE** <br> **DOUGLAS E. MILLER** |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, SUTHERLAND GLOBAL SERVICES, INC.

**NOW COMES** Defendant, Sutherland Global Services, Inc. ("SGS" or "Defendant") and submits this Answer and Affirmative Defenses to Plaintiff's Original Complaint, stating as follows:

### Answer to Complaint

Without waiving its defenses and specifically reserving all benefits and advantages that may be had to the many errors, uncertainties, imperfections, and insufficiencies of Plaintiff's Original Complaint ("Complaint"), SGS specifically answers the allegations of the Complaint as follows:

### Jurisdiction and Venue

1. SGS admits that Plaintiff Gwendolyn Coston ("Coston" or "Plaintiff") brings this action under the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* ("FMLA"), but it denies all remaining conclusions, allegations, and implications including, but not limited to, that Coston is entitled to any monetary damages pursuant to the FMLA, can state any claims under

1

such statutes, that such statutes were violated, that she can establish any facts in support of such claims, and/or that she is entitled to any damages and/or relief.

2. SGS admits that Coston requested FMLA leave and received all the leave she was legally entitled to under the law. SGS denies the remaining conclusions, allegations, and implications in in Paragraph 2.

3. SGS admits that the Court has jurisdiction over claims brought under the FMLA, pursuant to 28 U.S.C. § 1131. SGG denies that this Court has jurisdiction pursuant to 28 U.S.C. § 1343. SGS denies all remaining conclusions, allegations, and implications including, but not limited to, that Coston can state any claims under such statutes, that such statutes were violated, that she can establish any facts in support of such claims, and/or that she is entitled to any damages and/or relief.

4. SGS admits that venue is proper in the United States District Court for the Eastern District of Virginia, Norfolk Division under 28 U.S.C. § 1391(b). SGS denies all remaining conclusions, allegations, and implications including, but not limited to, that SGS violated any federal or state statues, rules, or laws or acted unlawfully.

5. Paragraph 5 appears to not require an answer from SGS, but out of an abundance of caution, the allegations in Paragraph 5 are admitted.

6. SGS admits the allegations contained in Paragraph 6.

7. Some of the assertions in paragraph 7 are legal conclusions that SGS is not required to admit or to deny. However, out of an abundance of caution, SGS admits it employs more than 50 employees for each working day in each calendar year.

8. SGS denies paragraph 8 as written. SGS admits Coston was an employee of SGS and was hired on April 1, 2004, as an Account Manager and separated from SGS, effective on

February 14, 2023. SGS denies all remaining conclusions, allegations, and implications including but not limited that SGS acted unlawfully.

9. SGS denies the conclusions, allegations, and implications in paragraph 9.

10. SGS admits that Coston applied for and was approved to take FMLA leave beginning on November 15, 2022.

11. SGS admits Coston provided SGS with all appropriate and required medical documentation to support FMLA leave from November 15, 2022 through December 18, 2022. SGS denies the remaining conclusions, allegations, and implications in paragraph 11.

12. SGS denies the allegations and implications in paragraph 12.

13. SGS denies in part the allegations and implications in paragraph 13 specifically the allegations, conclusions and implications Coston contacted the IT department immediately to begin work. SGS admits Coston did attempt to contact a tech on February 13, 2023.

14. SGS admits the allegations in paragraph 14.

15. SGS denies the conclusions, allegations, and implications in paragraph 15.

16. SGS denies the conclusions, allegations, and implications in paragraph 16.

17. SGS denies the conclusions, allegations, and implications in paragraph 17.

18. SGS denies the conclusions, allegations, and implications in paragraph 18.

19. SGS denies the conclusions, allegations, and implications in paragraph 19.

20. Paragraph 20 appears to not require a response from SGS. However, out of an abundance of caution SGS denies the conclusions, allegations, and implications in paragraph 20 and refers Plaintiff to its responses to paragraphs 1-19 above.

21. SGS admits the conclusions, allegations, and implications in paragraph 21.

22. The assertion that SGS is a "covered employer" is a legal conclusion that does not require a response from SGS. Out of an abundance of caution, SGS admits the remaining conclusions, allegations, and implications in paragraph 22.

23. SGS denies conclusions, allegations, and implications in paragraph 23.

24. SGS denies conclusions, allegations, and implications in paragraph 24.

25. SGS denies conclusions, allegations, and implications in paragraph 25.

26. SGS denies conclusions, allegations, and implications in paragraph 26.

27. With respect to the unnumbered paragraph and all subparts under the heading "**WHEREFORE**," SGS acknowledges that Coston seeks judgment against SGS and the identified damages/relief, but it denies all conclusions, allegations, and implications including, but not limited to, that Coston can state any claim, that she can establish any facts in support of the same, that the damages/relief she seeks are allowable under the FMLA, that she is entitled to any damages and/or relief, and/or that there are any issues to be tried by a jury.

28. With respect to the unnumbered paragraph under the heading "**JURY DEMAND**," SGS denies that there are any claims/issues to be tried by a jury.

29. SGS denies all conclusions, allegations, and implications of the Complaint not explicitly and expressly admitted herein.

NOW, having answered Plaintiff's Complaint, SGS asserts the following Affirmative and Other Defenses.

## **Affirmative and Other Defenses**

1.

The Complaint fails to state a claim upon which relief can be granted against SGS.

2.

SGS asserts all defenses to any liquidated/exemplary damages. Coston is not entitled to any relief against SGS, and no recovery may be had against SGS for each, and all the reasons contained in this Answer, and because SGS has not violated the law and liquidated/exemplary damages cannot be awarded as the alleged conduct on which they are based is contrary to SGS's good faith efforts to prevent such conduct. Further, SGS states that as a matter of law Coston may not seek liquidated/exemplary damages against SGS, such damages are not justified by the actual facts in this case, and any award of extra-contractual or exemplary damages would be a violation of the constitutional and statutory safeguards provided to SGS under the laws and Constitution of the United States of America and the Commonwealth of Virginia. Specifically, but not limited to: a) any imposition of liquidated/exemplary damages in this case would violate procedural and substantive due process in that the basis for imposing liability, for awarding such damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest; b) any imposition of such damages in this case would constitute an excessive fine and violate due process; c) any imposition of such damages in this case based on wealth would violate equal protection; d) any imposition of such damages in this case would violate procedural safeguards in that such damages are penal in nature; e) any imposition of such damages in this case would constitute an ex post facto law; f) the existing procedures permit multiple awards of liquidated/exemplary damages for the same alleged act; g) the existing procedures include no requirement of any relationship between Coston's actual injury and the amount of liquidated/exemplary damages; and h) the existing procedures allow the imposition of vastly different penalties for the same or similar acts.

3.

Coston was an at-will employee of SGS, and her termination was based on legitimate, non-retaliatory reasons.

4.

SGS maintained and implemented a well-disseminated policy against retaliation for FMLA leave, of which Coston was aware and of which she failed to utilize, and SGS exercised reasonable care to prevent and promptly correct any allegedly violating behavior and Coston unreasonably failed to take advantage of any preventive or corrective opportunities provided by SGS or to otherwise avoid harm, and, therefore, SGS is not liable for her claims.

5.

SGS did not violate the FMLA, Coston cannot state a *prima facie* case of FMLA retaliation, and she cannot demonstrate that SGS retaliated against Coston in violation of the FMLA. Coston cannot demonstrate that SGS's legitimate, non-retaliatory reasons for her termination are pretextual, and/or she cannot demonstrate that the alleged retaliation was the cause of her termination.

6.

Alleged FMLA retaliation played no role in SGS's actions/inactions, none of the alleged conduct were based upon a specific intent to retaliated against Coston in violation of the FMLA, and all of SGS's actions/inactions were based on lawful justifications. Alternatively, SGS avers that even if such considerations were found to have been factors in the conduct about which Coston complains (which is denied), SGS's actions/inactions would have occurred absent such considerations and, therefore, Coston cannot recover any damages or affirmative relief.

7.

Because SGS did not violate the FMLA, and because the Complaint fails to allege facts or circumstances sufficient to support claims under this statute and/or to support any relief, recovery, and/or damages, Coston is not entitled to reinstatement, and there can be no recovery of, back pay, reimbursement for lost position and training, social security and other benefits, front pay, actual damages, liquidated damages, compensatory damages, punitive damages, exemplary damages, attorneys' fees, conditional awards, pre- and post-judgment interest, non-pecuniary losses, loss of enjoyment of life, emotional pain, suffering, inconvenience and mental anguish damages, expert fees, medical care, medical benefits, past and future medical expenses, costs, expenses, injunctive relief, any other monetary recovery and/or damages, any equitable relief, and/or any other statutory relief.  In addition, the actions/inactions of SGS were in good faith, were not based on retaliatory motives, did not affect a terms or condition of employment, were predicated upon reasonable grounds supporting the belief that its actions/inactions did not constitute violation of any law, were not willful, were not fraudulent, were not extreme or outrageous, were not taken with actual malice, reckless indifference, or gross negligence evidencing a willful, wanton, or reckless disregard for the safety of others and/or federally protected rights.  Alternatively, the recovery sought by Coston should be limited/capped in conformity with 29 U.S.C. § 2617, and/or any other applicable laws and/or the recovery sought by Coston is not proportionate, not reasonably related to the harm Coston claims to have suffered, and/or not in response to reprehensible conduct.

8.

Coston has suffered no damages based on any allegations in her Complaint.

9.

SGS did not do, nor fail to do, anything that caused or contributed to Coston's alleged damages.

10.

Coston has not established the right to any amount of alleged damages.

11.

Coston unreasonably failed to take advantage of SGS's procedures and policies designed to prevent the conduct alleged and she failed to take reasonable steps to avoid the harm about which she now complains and any alleged damages.

12.

Coston failed to exercise due diligence and failed to mitigate the consequences of the actions/inactions about which she complains including, but not limited to, finding and maintaining comparable employment.

13.

Coston's alleged damages were caused by and/or contributed to by her preexisting conditions, intervening causes unrelated to any employment relationship between she and SGS, and she caused and/or has engaged in contributory conduct.

14.

Any alleged damages were proximately caused by or contributed to solely by the conduct, wrongs, and omissions of Coston or other persons, entities, forces, or things over which SGS had no control, for which SGS bears no legal responsibility, and/or for which SGS had no knowledge, or reason to have such knowledge.

15.

Coston's contentions of liability and alleged damages are subject to, barred by, or diminished by applicable state and/or federal prescriptive periods/statutes of limitations, the doctrines of equitable estoppel, judicial estoppel, collateral estoppel, res judicata, waiver,

misrepresentation, laches, after-acquired evidence, comparative fault, contributory fault, justification, unjust enrichment, exclusivity provision of applicable workers' compensation statute, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, ratification, acquiescence, and any interim earnings or amounts earnable with reasonable diligence since the time of Coston's separation from employment are a set off against and reduce the monetary recovery sought in this case, including any award of back pay, front pay, and/or other damages. Additionally, Coston is entitled to only one satisfaction for any alleged actions/inactions of SGS resulting in alleged damages.

16.

SGS denies each and every conclusion, allegation, and implication of the Complaint not explicitly and expressly admitted herein.

17.

Coston's Complaint does not describe the claims asserted against SGS with sufficient particularity to enable SGS to determine all of the defenses available to it in response to this action. SGS reserves the right to amend/supplement this Answer and to assert any additional defenses, affirmative or otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

18.

SGS invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE, HAVING ANSWERED**, SGS respectfully moves the Court, after due proceedings are had, to enter judgment in SGS's favor on all allegations of the Complaint, dismissing Coston's claims and lawsuit in their entirety, taxing all costs against Coston, awarding

SGS its reasonable attorneys' fees and expenses, and SGS all other relief that this Court deems proper.

Respectfully submitted on this the 16th day of January 2024,

> *By: Alexander C. Landin*
> Alexander C. Landin
> Va. Bar No. 99200
> The Kullman Firm, APLC
> 1100 Poydras Street, Ste. 1600
> New Orleans, LA 70163-1600
> Telephone: (504) 524-4162
> Facsimile: (504) 596-4114
> Email: acl@kullmanlaw.com
>
> AND
>
> Jesse B. Gordon, Esq.
> Va. Bar No. 68187
> Reaves, PLLC
> 555 Belaire Avenue, Ste. 300
> Chesapeake, VA 23320
> Telephone: (757) 410-1726
> Facsimile: (757) 410-8258
> Email: jesse.gordon@reavesgovcon.com
>
> Counsel for Defendant, Sutherland Global Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16h day of January 2024, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

> */s/ Alexander C. Landin*