UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **GWENDOLYN COSTON,**<br>         **Plaintiff** | **CIVIL ACTION NO. 2:23-CV-539** |
| **V.** | **JUDGE ARENDA W. ALLEN** |
| **SUTHERLAND GLOBAL SERVICES, INC.**<br>         **Defendant** | **MAGISTRATE JUDGE**<br>**DOUGLAS E. MILLER** |

_____

### PROPOSED JOINT DISCOVERY PLAN
_____

Pursuant to Fed. R. Civ. P. 26(f), Eric Rogers, counsel for the Plaintiff Gwendolyn Coston, and Elizabeth Bailly Bloch, counsel for the Defendant Sutherland Global Services, Inc., conferred virtually via Microsoft Teams on **March 5, 2024**, to consider the nature and basis of the claims, defenses, and possibility of prompt settlement or resolution of this case, to consider trial before a Magistrate, and to discuss their respective views on how discovery should proceed in this action. The parties submit this Proposed Joint Discovery Plan and Rule 26(f) Certification pursuant to Fed. R. Civ. P. 26(f)(2) and Local Civil Rule 26(A):

1. **Initial Disclosures:** The parties will exchange initial Ruel 26(a) disclosures on **March 18, 2024**.

2. **Joinder of Parties/Amendment of Pleadings.** The parties agree that joinder of parties and amendment of pleadings shall be completed on **May 3, 2024**.

3. **Discovery Deadline:** The parties agree that all discovery shall be completed by **September 20, 2024**.

1

a. The parties agree that each will provide or make all materials obtained from third parties pursuant to Fed. R. Civ. P. 45 available to the other party within five (5) business days of receipt.

b. The parties agree that discovery of confidential, proprietary, trade secret and/or commercially sensitive information, is likely to occur, and that production of documents, things, or testimony containing or reflecting such information shall occur under a protective order. Counsel agrees to discuss entry of a stipulated protective order. Plaintiff shall circulate a proposed draft that includes provisions for producing documents and things for attorneys' eyes only. The parties will then work together to agree on a Protective Order consistent with the requirements of the Local Rules and in accordance with Federal Rule of Evidence 502(d). The parties intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto filed by Plaintiff, and in any Answer and any amendments thereto, including any Affirmative Defenses and any Counterclaims filed by Defendants.

c. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the parties and on any third parties.

d. At this time, the parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia be changed or that additional

limitations upon discovery be imposed. The parties do not believe it necessary to conduct discovery in phases, or to limit discovery to particular issues.

4. **Electronically Stored Information:** The parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

All documents originating in electronic form shall be produced in native format. The parties will use some form of labeling in organizing the documents. Although not required, one example is to use Bates numbers preceding the original native filename (i.e., BATES_ORIGINAL FILE NAME.ext). Files shall be collected and produced in a manner so that all original metadata is preserved. The parties agree that email communications can be alternatively produced in "Portable Document Format" (.pdf).

5. **Privileged Information:** The parties agree that if privileged material is inadvertently produced, the producing party may by timely give notice and assert the privilege or protection and obtain return of material without a waiver.

The parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to FRCP 26) need not be identified on any such privilege log. The party responding to discovery shall provide a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date of

its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

The parties agree that inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege. Upon discovery of any such inadvertently produced or disclosed material, the producing party shall promptly provide written notice to the receiving party. Such inadvertently produced or disclosed material, including all copies thereof, shall be either returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged material. Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure. The party claiming privilege on documents that are the subject of a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the filing of its response to the motion to compel.

6. **Timing of Expert Disclosures:** In accordance with Local Civil Rule 26(d), the parties will submit expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) pursuant to the following schedule:

    a. Plaintiff shall produce initial expert disclosures on **June 21, 2024**.

    b. Defendant shall produce expert disclosures on **July 19, 2024**.

    c. Reply expert reports shall be due on **August 2, 2024**.

    d. The parties agree that all Daubert motions to exclude experts or expert testimony and all motions *in limine* shall be filed in time to be heard at least two (2) weeks before the trial date. In advance of a hearing date, the parties involved shall prepare and submit a proposed briefing schedule.

7. **Dispositive Motion Deadline:** The parties agree that any summary judgment motions shall be filed on **October 25, 2024** and in accordance with Federal Rule of Civil Procedure 56 and Local Civil Rule 56. Briefs in opposition to summary judgment and reply briefs shall be filed on or before the deadlines as set forth in the Local Rules of the Eastern District of Virginia or any Order of the Court.

8. **Protective Order:** The parties anticipate the need for the entry of a protective order governing discovery of confidential information in this case and will shortly submit a joint proposed order.

9. **Service of Pleadings/Discovery:** The parties agree to accept service of documents not filed through the Court's ECF system through email.

10. **Settlement Conference**: The parties agree that a settlement conference may be requested at any time in this case. The Court may refer the parties to consult with the Magistrate Judge or another regarding settlement.

11. **Consent to the Jurisdiction of a Magistrate Judge:** The parties do not wish to proceed before a Magistrate Judge, except, as noted, with respect to settlement conferences.

12. **Modification:** The parties agree that the party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rule 16 and 26.

13. **Trial:** A jury trial has been demanded. The parties anticipate two days for a jury trial.

**Respectfully submitted on this 5th day of March 2024,**

| | |
|---|---|
| */s/ Eric D. Rogers*<br>ERIC D. ROGERS<br>(Va. Bar No. 97610)<br>Spielberger Law Group<br>4890 W. Kennedy Blvd, Ste. 950<br>Tampa, Florida 33609<br>Tel: (800) 965-1570<br>Fax: (866) 580-7499<br>Email: eric.rogers@spielbererlawgroup.com<br>Attorney for Plaintiff | */s/ Elizabth Bailly Bloch*<br>ELIZABETH BAILLY BLOCH<br>(Va. Bar No. 99695)<br>The Kullman Firm<br>A Professional Law Corporation<br>4605 Bluebonnet Boulevard, Suite A<br>Baton Rouge, Louisiana 70809<br>Telephone: (225) 906-4250<br>Facsimile: (225) 906-4230<br>E-mail: ebb@kullmanlaw.com<br><br>AND<br><br>NICOLE SEALE ADLER<br>(*admitted pro hac vice*)<br>ALEXANDER C. LANDIN<br>(Va. Bar No. 99200)<br>The Kullman Firm, APLC<br>1100 Poydras Street, Ste. 1600<br>New Orleans, LA 70163-1600<br>Telephone: (504) 524-4162<br>Facsimile: (504) 596-4114<br>Email: acl@kullmanlaw.com<br>Attorneys for Defendant, Sutherland Global Services, Inc. |

4872-7128-4075, v. 2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March 2024, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*Elizabeth Bailly Bloch*
Elizabeth Bailly Bloch